IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE MOSLEY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0277-M |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Lawrence Mosley, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 1996, petitioner pled guilty to sexual assault and was given a 10-year suspended sentence, probated for 10 years. No appeal was taken. Thereafter, petitioner was charged with a probation violation. On July 13, 2001, the trial court revoked his probation and sentenced petitioner to nine years confinement. Petitioner then sought state and federal post-conviction relief on the ground that he was denied credit on his sentence for time spent on probation. Two state writs were denied without written order. *Ex parte Mosley*, WR-34,452-03 (Tex. Crim. App. Jun. 18, 2003); *Ex parte Mosley*, WR-34,452-04 (Tex. Crim. App. Jan. 10, 2007). His federal writ was dismissed on limitations grounds. *Mosley v. Cockrell*, No. 3-03-CV-1522-N, 2003 WL 22384926 (N.D. Tex. Sept. 12, 2003), *COA denied*, No. 03-11013 (5th Cir. Feb. 17, 2004).

Petitioner now seeks federal habeas relief for a second time. In his sole ground for relief, petitioner contends that he is not being credited "with the full time already served on probation." (Pet. Hab. Br. at 2). Before addressing this claim, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: February 13, 2007.

                                        JEFF KAPLAN
                                        UNITED STATES MAGISTRATE JUDGE